# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.                                          **ORDER**
                                                Criminal No. 18-311(2) ADM/LIB

Craig Steven Jackson, Jr.,

      Defendant.

---

Deidre Y. Aanstad, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Brian N. Toder, Esq., Chestnut Cambronne PA, Minneapolis, MN, on behalf of Defendant.

---

      This matter is before the undersigned United States District Judge for a ruling on Defendant Craig Steven Jackson, Jr.'s ("Jackson") Objection [Docket No. 102] to Magistrate Judge Leo I. Brisbois' March 8, 2019 Report and Recommendation [Docket No. 96] ("R&R"). In the R&R, Judge Brisbois recommends denying Jackson's Motion to Suppress Statements, Admissions, and Answers [Docket No. 66].

      In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

      Jackson objects to the R&R's conclusion that statements Jackson made to White Earth Tribal Criminal Investigator Kristopher Larson ("Investigator Larson") at the time he was

arrested but before he was advised of his Miranda[1] rights were constitutionally seized.[2] Jackson made the statements as Investigator Larson was placing him in the back seat of the squad car. Hr'g Tr. [Docket No. 99] at 44–45. Without prompting or questioning from Investigator Larson, Jackson stated he "wanted to help himself out" and began talking to Investigator Larson. Id. at 45–46, 50–51. Investigator Larson responded that they "would sit down and talk at a later time." Id. at 50. The R&R determined the statements were voluntary and spontaneous, and were not in response to questioning or conduct by Investigator Larson that was likely to produce an incriminating response. After de novo review, the Court agrees with the reasoning in the R&R and the conclusion that Jackson's statements to law enforcement officers prior to receiving his Miranda rights were voluntary and not in response to interrogation. The statements will not be suppressed.

Jackson also objects to Judge Brisbois' ruling at the Motions Hearing prohibiting Jackson's counsel from questioning Investigator Larson on the witness stand about the grand jury testimony of a different law enforcement officer. Judge Brisbois prohibited the questioning because Investigator Larson testified he had no knowledge of the other officer's grand jury testimony. Id. at 47–49. The Court agrees with Judge Brisbois' ruling.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Craig Steven Jackson, Jr.'s Objection [Docket No. 102] to Magistrate Judge Leo I. Brisbois' March 8, 2019 Report and Recommendation is **OVERRULED**;

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] Jackson does not object to the portion of the R&R denying suppression of his statements made after he was given a Miranda warning. See Obj. at 1 n.1.

2

2. The Report and Recommendation [Docket No. 96] is **ADOPTED**; and

3. Jackson's Motion to Suppress Statements [Docket No. 66] is **DENIED**.

BY THE COURT:


　　s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 18, 2019.